# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1646

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Anthony Ray Escobar, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 22, 2003

Filed: December 30, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Anthony Ray Escobar pleaded guilty to conspiring to distribute and to possess with intent to distribute in excess of 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. At sentencing, the district court[1] granted Mr. Escobar's motion for a downward departure under U.S.S.G. § 4A1.3, and sentenced him to 121 months imprisonment and 5 years supervised release. On appeal, Mr. Escobar's

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court should have departed further, that Mr. Escobar should have received a minor-role reduction, and that the district court erred in not inquiring whether Mr. Escobar wished to withdraw from his plea agreement.

In the plea agreement, Mr. Escobar waived all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, unless the court sentenced him above an offense level of 29. The district court did not sentence him above an offense level of 29, and after carefully reviewing the record, we conclude Mr. Escobar's challenge to the extent of the departure and to the lack of a minor-role reduction are within the scope of the appeal waiver. We also conclude that Mr. Escobar entered into the plea agreement knowingly and voluntarily, and that no miscarriage of justice would result from enforcing the waiver. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-91 (8th Cir.) (en banc), <u>cert. denied</u>, No. 03-6608, 2003 WL 22258164 (Nov. 3, 2003). We therefore dismiss this appeal as it relates to the forgoing sentencing arguments.

We also conclude that the district court was not required to ask Mr. Escobar whether he wished to withdraw his plea, and thus it did not plainly err by failing to do so. <u>See</u> <u>United States v. Montanye</u>, 996 F.2d 190, 192 (8th Cir. 1993) (en banc).

Finally, we have reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), for any nonfrivolous issue not waived by the plea agreement, and we find none. Accordingly, we enforce the appeal waiver and dismiss this appeal as to the two sentencing issues raised, and we affirm as to the remaining issue. We also grant counsel's motion to withdraw.

_____